## COMMONWEALTH *vs.* NAPOLEON AUBERTON.

Hampden.　Sept. 26. — Oct. 20, 1882.　ENDICOTT, LORD & FIELD, JJ., absent.

The Pub. Sts. *c.* 100, § 12, providing that no licensee shall maintain, or permit to be maintained, upon any premises used by him for the sale of spirituous or intoxicating liquor under the provisions of his license, any screen, blind or other obstruction, in such a way as to interfere with a view of the business conducted upon the premises, applies to a licensee carrying on business upon the Lord's day, in violation of the conditions of his license.

A complaint, alleging that the defendant, at a time and place named, being then and there duly licensed according to law to sell intoxicating liquors in a certain building, "did then and there wilfully and unlawfully place and maintain, and authorize to be placed and maintained, upon said premises used by him for the sale of intoxicating liquors under the provisions of his license as aforesaid, certain screens, blinds, shutters, partitions and other obstructions, which interfered with a view of the business conducted upon said premises," sets out an offence under the Pub. Sts. *c.* 100, § 12.

A complaint, under the Pub. Sts. *c.* 100, § 12, alleged that the defendant was licensed to sell intoxicating liquors in a certain building; and that he unlawfully maintained, "upon said premises used by him for the sale of intoxicating liquors under the provisions of his license, certain screens, blinds, shutters, partitions and other obstructions." It appeared in evidence at the trial, that the defendant

maintained in a window of the premises, outside the sash, a frame covered with wire netting, which was submitted to the inspection of the jury. The defendant asked the judge to instruct the jury that they could not convict, "unless they should find the article complained of and exhibited to them to be a screen or other article specifically named in the complaint;" which instruction the judge gave, with this qualification, "or something in the nature of a screen." *Held*, that the defendant had no ground of exception.

COMPLAINT to the Police Court of Holyoke, alleging that the defendant, on March 5, 1882, at Holyoke, being then and there duly licensed according to law to sell intoxicating liquors in a certain building, "did then and there wilfully and unlawfully place and maintain, and authorize to be placed and maintained, upon said premises used by him for the sale of intoxicating liquors under the provisions of his license as aforesaid, certain screens, blinds, shutters, partitions and other obstructions, which interfered with a view of the business conducted upon said premises," &c. Trial in the Superior Court, on appeal, before *Knowlton*, J., who allowed a bill of exceptions, in substance as follows:

The defendant was a common victualler, duly licensed to sell intoxicating liquors upon the premises described in the complaint. It appeared in evidence that the act complained of was committed on the Lord's day, and consisted of maintaining in a window of said premises, outside the sash, a frame covered with wire netting, which was submitted by the defendant to the inspection of the jury.

The defendant asked the judge to rule that, it being unlawful for the defendant to do business upon said premises on the Lord's day, he had a right to close up the premises, and obstruct the view to them in any way he saw fit.

The judge refused so to rule; but, against the defendant's objection, instructed the jury that the law applied to the manner in which the defendant kept the premises, the same upon the Lord's day as upon any other.

The defendant also asked the judge to instruct the jury that they could not convict, unless they should find the article complained of and exhibited to them to be a screen or other article specifically named in the complaint; which instruction the judge gave, with this qualification, "or something in the nature of a screen." To this qualification the defendant objected.

After a verdict of guilty, the defendant filed a motion in arrest of judgment, "for the reason that no offence is set out in the complaint upon which said judgment is founded." This motion was overruled; and the defendant alleged exceptions.

*H. C. Bliss*, (*J. Allen* with him,) for the defendant.

*C. H. Barrows*, Assistant Attorney General, for the Commonwealth.

W. ALLEN, J. The defendant's license was made by statute subject to various conditions, such as that he should not keep a public bar; that he should hold a license as a common victualler or innholder; that no sale of intoxicating liquor should be made between the hours of twelve at night and six in the morning, nor on the Lord's day; that no sale of liquor should be made to an intoxicated person or to a minor; and that there should be no disorder or illegal gaming on the premises. The defendant contends that the effect of the condition that no sale should be made on the Lord's day is, that he was not licensed to sell on that day, and was therefore, although actually engaged in selling intoxicating liquor, not acting as licensee, nor carrying on the licensed business at the time he committed the act complained of; and that the prohibition against placing an obstruction so as to interfere with a view of the business conducted upon the premises, in the Pub. Sts. *c.* 100, § 12, is limited to an act done by a licensee while carrying on the business under his license.

One purpose of the prohibition is to expose violations of the conditions of the license; and to hold that it applies only when the business is carried on according to the conditions, and does not apply when it is carried on in violation of them, would do violence to the language of the statute, and defeat its obvious intent. The instructions asked were therefore properly refused.

The motion in arrest was properly overruled; and the instructions given in regard to proof of the obstruction were correct.

*Exceptions overruled.*